UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Carolyn Towne, )<br>     Plaintiff )<br> )<br>     V )<br> )<br>Tri-County Community Action )<br>   Program, )<br>     Defendant ) | Civil Action No. |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

This action is brought under the Family Medical Leave Act and state common law, alleging that the Plaintiff was fired in retaliation for her use of Family Medical Leave.

## PARTIES

1. Plaintiff Carolyn Towne is a resident of Whitefield, New Hampshire and was formerly employed in a full time capacity by the Defendant.

2. Defendant Tri-County Community Action Program (TCCAP) is a New Hampshire non-profit social service agency that has in excess of fifty employees, with its principal office in Berlin, New Hampshire.

## **JURISDICTION AND VENUE**

3. This action is brought pursuant to this Court's federal question jurisdiction under 29 U.S.C. 2617 and 28 U.S.C. § 1331, and its supplemental jurisdiction over state law claims, 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (6) because Plaintiff was employed within the state.

## **FACTS COMMON TO ALL COUNTS**

5. Defendant hired Plaintiff as its Education Outreach Coordinator on December 15, 2015.

6. Plaintiff resigned her position in September of 2016.

7. Defendant rehired Plaintiff as its Homeless Intervention and Prevention Program Manager in June of 2018.

8. Defendant promoted Plaintiff to the position of Director of Housing Support in July 2019 with a pay increase.

9. Defendant promoted Plaintiff to be head of the Department of Housing Stability in July of 2020 with another pay increase.

10. Plaintiff's supervisor was Kristy Letendre.

11. Plaintiff's job performance was excellent.

12. Plaintiff received consistently positive job evaluations from Letendre.

13. Plaintiff's most recent evaluation was performed by Letendre on December 7, 2020.

14. She was evaluated as:

   a) Completing tasks on or ahead of deadlines.

   b) Strategizing at a high level and having sound judgment.

   c) Demonstrating exceptional consistency in the execution of her responsibilities.

   d) Being a great team player.

   e) Being an exceptional communicator.

15. She was evaluated as exceeding expectations or excellent in every category.

16. In December of 2020 Plaintiff was diagnosed with a serious medical condition including anxiety and depression which rendered her unable to perform the functions of her position and required ongoing medical care.

17. Her PCP prescribed medication and recommended she take a two week leave from work.

18. Plaintiff requested medical leave, and informed Letendre of the basis for her request.

19. Letendre granted the request subject to the receipt of medical verification which was provided.

20. She commenced Family Medical Leave on December 9, 2020.

21. She took two weeks leave which, at her PCP's recommendation, was extended for another two weeks.

22.     Plaintiff returned to work on January 5, 2021 on a reduced work schedule of three days a week for the first two weeks after her return.

23.     At a meeting two days after plaintiff's return, on January 7, 2021, with Letendre and  CEO Jeanne Robillard, Robillard:

    a).  Stated plaintiff's workload was going to get worse.;

    b).  Demanded to know whether she was "okay";

    c).  Told her the Agency needed to know if she could do the job;

    d). Stated her loss of confidence in the plaintiff.

24.      At a second meeting on January 26, 2021, Letendre criticized the plaintiff for hiking and dancing during her medical leave, and contrasted it to her own situation of eating Christmas dinner at the office.

25.     Plaintiff was falsely blamed for failing to carry out the duties of her position and interfering with the work of her subordinates.

26.     On February 25, 2021 Robillard placed her on a three month performance improvement plan.

27.     At a meeting on March 1, 2021, Robillard reduced the length of Plaintiff's improvement plan from three months to one month, and issued a written warning which falsely accused the plaintiff of causing the Agency to lose town funds.

28.     On the same date the defendant fired the plaintiff.

29.     Defendant failed to give any reason for this action or provide written notice of termination of employment.

30.     Plaintiff suffered serious financial and emotional loss (not including a diagnostic condition) as a result of being fired.

## COUNT I

### Family Medical Leave Act

31. Plaintiff had a serious health condition which rendered her unable to perform the functions of her position.

32. Plaintiff applied for and received Family Medical Leave.

33. Defendant fired Plaintiff in retaliation for her taking Family Medical Leave, in violation of 29 U.S.C. § 2615 (a)(1) and (a)(2).

34. Defendant's action was willful.

35. Defendant did not act in good faith and lacked reasonable ground for believing that its retaliatory firing of the plaintiff was not in violation of the FMLA.

## COUNT II

### Wrongful Termination

36. Plaintiff acted in support of public policy by taking medical leave when her medical condition interfered with the carrying out of her social service responsibilities.

37. Defendant retaliated against plaintiff's action in support of public policy by firing her.

38. Defendant acted in bad faith.

   WHEREFORE, Plaintiff respectfully requests:

A. That she be reinstated to her former position with retroactive seniority;

B. That she be awarded past and future lost wages including loss of fringe benefits resulting from Defendant's illegal action;

C. Liquidated Damages.

D.  Compensation for her non-wage losses.

E.  Enhanced compensatory damage.

F.  Reimbursement for her reasonable attorney fees and expenses;

G.  Prejudgment interest;

H.  Reimbursement for any tax loss resulting from the Court's judgment; and

I.  Such other relief as the Court deems just and proper.

Plaintiff demands a trial by jury.

                                        Respectfully submitted,

                                        CAROLYN TOWNE

                                        By Her Attorneys:

                                        BACKUS, MEYER & BRANCH, LLP

Dated:  August 16, 2021                  By:
                                        ___/s/ *Jon Meyer*_____
                                        Jon Meyer, Esq. (NH Bar # 1744)
                                        Backus, Meyer and Branch, LLP
                                        116 Lowell Street
                                        P.O. Box 0516
                                        Manchester, NH 03105-0516
                                        603-668-7272
                                        jmeyer@backusmeyer.com